**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3083-15T1

NICOLE N. NEWELL,
f/k/a SHAIN,

    Plaintiff-Respondent,

v.

DANIEL H. SHAIN,

    Defendant-Appellant.
_____

Submitted August 8, 2017 — Decided September 7, 2017

Before Judges Hoffman and Currier.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Salem County,
Docket No. FM-17-0219-12.

Daniel H. Shain, appellant pro se.

Law Offices of Virginia Maroulakos Rucinski,
LLC, attorneys for respondent (Virginia
Maroulakos Rucinski, on the briefs).

PER CURIAM

Defendant Daniel Shain appeals from a March 11, 2016 wage

execution order in favor of plaintiff Nicole N. Newell. He argues

that "the current [o]rder for [w]age [e]xecution by the . . .

[c]ourt is not a suitable course of action because it will cause

financial hardship for [d]efendant's three (3) dependent children, ages 14, 15 and 17." After reviewing the record and law, we disagree and affirm the trial court.

## I.

In June 2013, the parties divorced. The final judgment of divorce ordered the parties to abide by the terms of their marital separation agreement (MSA). The MSA entitles plaintiff to $350 of alimony per week. It also states defendant "hereby waives his right to child support."

On December 20, 2013, the Family Part ordered defendant to pay $12,100 to plaintiff's counsel, at the rate of $1100 on January 1, 2014, and $1000 per month thereafter. Defendant appealed this order, and on July 14, 2015, we affirmed. Shain v. Shain, No. A-2575-13 (App. Div. July 14, 2015). On September 2, 2015, this court granted plaintiff an additional $9500 in attorney's fees, due within thirty days.

On December 18, 2015, the trial court found defendant in violation of its December 20, 2013 order and this court's September 2, 2015 order. The court did not grant plaintiff attorney's fees for the motion that resulted in the December 18, 2015 order; however, defendant subsequently filed a motion for reconsideration of that order. The court denied his motion and granted plaintiff $697 of attorney's fees, due within thirty days.

When defendant refused to pay the fees, plaintiff filed a motion for wage execution. On March 11, 2016, the court found that defendant "earns $4,636.29 [every two weeks] as a faculty member at Rutgers University, which equates to a salary of $120,543.54 per year. Additionally [defendant] pays alimony to [plaintiff] in the amount of $350.00 per week or $18,200.00 per year. Therefore [defendant], after subtracting his alimony payments, earns $102,343.54 per year or $8,528.62 per month." The court acknowledged defendant had to care for his children, but concluded that he "still has financial commitments he must fulfill." The court therefore granted plaintiff's request for a wage execution order against defendant's salary for (1) ten percent of defendant's gross salary when it equals or exceeds $217.50 per week, (2) twenty-five percent of defendant's disposable earnings for that week, or (3) the amount, if any, by which defendant's disposable weekly earnings exceed $217.50, whichever is least. Defendant now appeals.

## II.

Our review of a trial court's findings of fact is limited. Generally, "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). We will not disturb a trial court's findings "unless they are so wholly insupportable

as to result in a denial of justice." <u>Rova Farms Resort, Inc. v.</u> <u>Investors Ins. Co. of Am.</u>, 65 <u>N.J.</u> 474, 483-84 (1974).  We do not defer to a trial court's legal conclusions or their application to the facts.  <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 <u>N.J.</u> 366, 378 (1995).

<u>N.J.S.A.</u> 2A:17-50(a) requires a trial court to issue an order of wage execution under certain circumstance:

> When a judgment has been recovered in the Superior Court, and where any wages, debts, earnings, salary, income from trust funds, or profits are due and owing to the judgment debtor, or thereafter become due and owing to him, to the amount of $48.00 or more a week, the judgment creditor may, on notice to the judgment debtor unless the court otherwise orders, apply to the court in which the judgment was recovered, or to the court having jurisdiction of the same, and upon satisfactory proofs, by affidavit or otherwise, of such facts, the court shall grant an order directing that an execution issue against the wages, debts, earnings, salary, income from trust funds, or profits of the judgment debtor.

15 <u>U.S.C.A.</u> § 1673(b) states:

> (2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed—
>
> > (A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week;

. . . .

> except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum . . . , if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

"The term 'disposable earnings' means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld." 15 U.S.C.A. § 1672(b). New Jersey implements this fifty-percent maximum rate under N.J.S.A. 2A:17-56.9: "The total amount of income to be withheld shall not exceed the maximum amount permitted under . . . the federal Consumer Credit Protection Act[.]" Further, we have previously held that "in the face of a continuing noncompliance with both a current order and an arrears payment order, the wage execution, up to a permissible maximum . . . must cover both." Burstein v. Burstein, 182 N.J. Super. 586, 595 (App. Div. 1982). Thus, "[c]urrent support should be paid first and, if there is a difference remaining between current support and garnishable wages, the difference may be allocated to arrearages." Ibid.

In this case, plaintiff has a judgment entitling her to more than $48 a week from defendant, so she properly filed a motion for

an order of wage execution.  See N.J.S.A. 2A:17-50(a).  Defendant contends his "wages are currently garnished ~ 25% of disposable income ($350/week).  Further garnishment would exceed State and Federal limits."  We disagree.

We first note that plaintiff's alimony is not calculated as twenty-five percent of defendant's weekly disposable income; it is stipulated as $350 per week.  Reviewing the trial court's order, we turn to defendant's pay stubs, which show he earns $4636.29 every two weeks.  During a representative pay period, defendant had $947.18 withheld from his paycheck.  He consequently had $3689.11 of disposable income every two weeks.  We divide this number by two to put it in the weekly terms of the trial court's order, so defendant had $1844.56 of weekly disposable income.  Fifty-five percent of defendant's weekly disposable income is $1014.51.  Per the second option of the trial court's order, twenty-five percent of defendant's weekly disposable income is $461.14.  Defendant also pays plaintiff $350 of alimony per week.  $461.14 plus $350 is $811.14, which is forty-four percent of defendant's weekly disposable income.  We therefore conclude the trial court's order of wage execution complies with 15 U.S.C.A. § 1673 and N.J.S.A. 2A:17-56.9.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-3083-15T1